No. 26-5670

# United States Court of Appeals
## for the Sixth Circuit

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

IGHOCHA MAC-OKOR,
*Defendant-Appellant*.

---

On Appeal from the United States District Court
for the Western District of Tennessee
No. 2:23-cr-20123 (Parker, J.)

---

BRIEF FOR PLAINTIFF-APPELLEE UNITED STATES

---

For the Appellee:

D. MICHAEL DUNAVANT
United States Attorney

SCOTT P. SMITH (TN 033551)
Assistant United States Attorney
167 N. Main St., Ste. 800
Memphis, Tennessee 38103
(901) 544-4231
scott.smith@usdoj.gov

# TABLE OF CONTENTS


Table of Authorities ........................................................................................iv

Statement Regarding Oral Argument ..................................................................v

Statement of Jurisdiction.....................................................................................1

Issues Presented ................................................................................................2

Statement of the Case..........................................................................................3

Summary of the Argument..................................................................................7

Argument............................................................................................................8

I. Standard of Review ...................................................................................8

II. The district court did not err in denying Mac-Okor's Rule 36 Motion.8

A. Mac-Okor's challenge to the restitution provision fails: Rule 36 offers no remedy, the claimed harm is unsupported by the record, and the written judgment accurately reflects the court's intent. .8

1. Rule 36 did not authorize the court to correct the restitution amount in the judgment. ..................................9

2. The BOP payment program appears to be voluntary and adjustable, therefore, it is unclear whether Mac-Okor has suffered any harm by the assessment of $60. .................10

3. There was no material discrepancy between the oral pronouncement and the written judgment because the district court's intent is clear. .......................................12

B. The court did not "retroactively amend the sentencing record" when it denied Mac-Okor relief under U.S.S.G. § 4C1.1.........14

C. The judgment and electronic docket reflect that Count 1 was dismissed by the court. ..........................................................16

Conclusion ........................................................................................................ 16

Certificate of Compliance ................................................................................ 18

Designation of Relevant District Court Documents ........................................ 19

Certificate of Service ........................................................................................ 20

# TABLE OF AUTHORITIES


Cases — Page(s)

*Anders v. California*, 386 U.S. 738 (1967) .......... 4, 10
*Mac-Okor v. United States*, Case No. 24-6066 .......... 4, 5, 10
*United States v. Cofield*, 233 F.3d 405 (6th Cir. 2020) .......... 12, 13, 14
*United States v. Coleman*, 229 F.3d 1154, (6th Cir. Aug. 15, 2000) .......... 8, 10
*United States v. Jolly*, 129 F.3d 287 (2d Cir. 1997) .......... 13, 14
*United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) .......... 9, 10

Statutes — Page

18 U.S.C. § 3231 .......... 1
28 U.S.C. § 1291 .......... 1
28 U.S.C. § 2241 .......... 7

Rules — Page

Federal Rules of Criminal Procedure 36 .......... passim

Other Authorities — Page

U.S.S.G. § 3B1.1(a) .......... 15
U.S.S.G. § 4C1.1 .......... 2, 5, 6, 14
U.S.S.G. § 4C1.1(a)(6) .......... 6, 7, 15, 16
U.S.S.G. § 4C1.1(a)(10) .......... 6, 7, 15, 16

## STATEMENT REGARDING ORAL ARGUMENT

The United States submits that the briefs and records below adequately set forth the legal issues in this appeal. The United States, therefore, does not believe that the decisional process would be significantly aided by oral argument.

## STATEMENT OF JURISDICTION

The district court had jurisdiction in this case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291, which grants this Court jurisdiction over final decisions of the district court.

This appeal is timely. The district court entered an order denying the appellant's Rule 36 motion on July 9, 2026. RE-286, Order, PageID 1419-21.[1] Mac-Okor filed a notice of appeal with a prison mailbox declaration showing a timely deposit into his institution's internal mail system on July 21, 2026. RE-287, Notice of Appeal, PageID 1422-23.

[1] Citations to the record entry (RE) are to the underlying criminal case, W.D. Tenn. No. 2:23-cr-20123.

## ISSUES PRESENTED

Did the district court clearly err in denying Mac-Okor's motion to correct clerical errors where:

1. The alleged discrepancy between the oral pronouncement and the written judgment was not a clerical error, the Bureau of Prisons' payment program is voluntary and adjustable, and the record makes clear that the written judgment accurately reflects the court's intended restitution terms;
2. The leadership and substantial-harm enhancements were applied at sentencing, not retroactively, and where those enhancements rendered him ineligible for the zero-point offender reduction under U.S.S.G. § 4C1.1; and
3. The judgment and docket correctly reflect the dismissal of Count 1.

## STATEMENT OF THE CASE

The Presentence Investigation Report (PSR) sets out the following relevant facts.[2] Mac-Okor worked as a money mule, operating bank accounts for the purpose of receiving fraudulently obtained funds and sending those funds to accounts under the control of coconspirators. RE-201, PSR, PageID 743. Scammers in league with Mac-Okor caused victims to send wire transfers to bank accounts he controlled. *Id*. at PageID 740-50. The victims thought they were sending the money to online companions. *Id*. In reality, Mac-Okor's accounts were just shells that he used to pass on the fraud proceeds to other coconspirators to launder the funds. *Id*. Mac-Okor recruited his former girlfriend and an old acquaintance to help. *Id*. at PageID 749-50. Overall, between his various accounts and those of his recruits, Mac-Okor was responsible for losses of $1.263 million. RE-250, Sentencing Hr'g Tr., PageID 1177-78.

A six-count indictment was returned on June 29, 2023, charging Mac-Okor and several coconspirators. RE-4, Indictment, PageID 24-43. Two of the counts charged Mac-Okor with, at Count 1, conspiracy to commit fraud (18 U.S.C. § 1349)

---

[2] Mac-Okor did not object to the PSR facts discussed by the government in this section. RE-190, Def's Position Paper, PageID 712-13. Mac-Okor's only objection to the PSR was to the loss amount; he joined in with the government's assessment that the loss amount should be less than $1.5 million. *Id.* at PageID 713. He also noted that he might object to the victim impact statements but never did. *Id.*; RE-250, Sentencing Hr'g Tr., PageID 1178.

and, at Count 6, conspiracy to commit money laundering (18 U.S.C. § 1956(h)). *Id.* at PageID 29-37, 39-40.

On July 29, 2024, Mac-Okor pled guilty to Count 6 of the indictment pursuant to a written plea agreement. RE-160, Plea Agreement, PageID 575. The parties agreed to recommend a sentence of no more than 50 months of imprisonment. *Id.* at PageID 576-77.

On October 30, 2024, Mac-Okor was sentenced to 50 months of confinement, three years of supervised release, and restitution in the amount of $1,273,150. RE-212, Judgment, PageID 867-74. The court stated at sentencing that restitution "should be paid in monthly installments in the amount of ten percent of the defendant's gross income." RE-250, Sentencing Hr'g Tr., PageID 1196. The judgment reflected that Count 1 was dismissed on the motion of the United States. RE-212, Judgment, PageID 867. In the judgment's schedule of payments, the court ordered Mac-Okor to pay restitution "in regular monthly installments of not less than 10% of gross monthly income." *Id.* at PageID 874.

On November 25, 2024, Mac-Okor filed a notice of appeal. RE-227, Notice of Appeal, PageID 933. That notice was followed on January 22, 2025, with the filing of an *Anders* Brief. *Mac-Okor v. United States*, Case No. 24-6066, ECF No. 12, Anders Br. The sole potential argument raised by Mac-Okor was the claim that the district court erred when it dismissed his motion to dismiss under the Speedy

Trial Act. *Id*. at p. 6. Counsel for Mac-Okor conceded he was "unable to present a non-frivolous issue that would justify remand or reversal of [Mac-Okor's] conviction or sentence, or modification of the sentence currently imposed." *Id*. at p. 8. On March 24, 2026, this Court affirmed the district court's judgment. *Mac-Okor v. United States*, Case No. 24-6066, ECF No. 18, Order. The Court indicated it had conducted its own "independent review of the record [that revealed] no arguable issue." *Id*. at p. 2.

On June 4, 2026, Mac-Okor filed a motion to correct clerical errors pursuant to Federal Rule of Criminal Procedure 36. RE-284, Mot. to Correct Clerical Error. Mac-Okor claimed there was a clerical error in which Count 1 of the indictment incorrectly showed as pending on "the public docket." *Id*. at PageID 1406. He also maintained that the written judgment failed to "explicitly state the 10% cap" on payment of restitution. *Id.* According to Mac-Okor, the district court verbally ordered that restitution was to be paid at a monthly rate of 10 percent of gross income, but the Federal Bureau of Prisons was violating the order by seizing $60 per month, which exceeded the 10 percent of gross income cap. *Id*. at PageID 1407. Lastly, Mac-Okor claimed that the judgment did not reflect the two-level reduction in the total offense level under U.S.S.G. § 4C1.1. *Id.* at PageID 1406. According to him, the district court had recognized the application of the zero-point offender reduction pursuant to U.S.S.G. § 4C1.1 but it had made a "[s]crivener's [m]ath

[e]rror" by failing to account for the two-level reduction in its final offense level calculation. *Id*. at PageID 1407.

The district court denied the motion on July 9, 2026. The court found that Mac-Okor's characterization of the 10 percent of gross income as a "cap" was mistaken and that the judgment accurately reflected the court's ruling. RE-286, Order, PageID 1419. The court further found that Mac-Okor's claim about the "pending" Count 1 was incorrect based on the judgment in the case that showed Count 1 as dismissed. *Id*. at PageID 1420. And the court found that Mac-Okor was also mistaken about meriting the zero-point offender reduction under USSG § 4C1.1 because he was disqualified under § 4C1.1(a)(10) for having received a four-level enhancement for his leadership role in the case. *Id*. The court also pointed out that Mac-Okor personally caused serious financial hardship to victims in the case and was disqualified from the zero-point reduction on those grounds as well pursuant to § 4C1.1(a)(6). *Id.* Lastly, the court found that even if Mac-Okor had been entitled to the zero-point reduction to his sentence, his 50-month sentence was still below what the guidelines would have been with the benefit of the reduction, so he had no right to relief on that claim either. *Id*. Based on that reasoning, the court denied Mac-Okor's motion. This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court did not err in denying Mac-Okor's Rule 36 motion for relief. Rule 36 did not authorize the court to correct the judgment because Mac-Okor alleges legal errors, not clerical errors. Also, it does not appear that Mac-Okor has suffered any harm from the alleged error. Mac-Okor did not raise this error on direct appeal or in a post-conviction motion. To the extent that Mac-Okor seeks to challenge the execution of the restitution portion of his sentence, his only avenue is to file a motion under 28 U.S.C. § 2241. Even if the Court finds that Mac-Okor has appropriately raised this error in this Rule 36 motion and has suffered harm, the Court should find that there was no discrepancy between the oral and the written judgment because, based on other judgments in the case, the district court's sentencing intent was clear and was accurately reflected in Mac-Okor's judgment.

Mac-Okor was not eligible to receive the zero-point reduction because at his sentencing he received enhancements under U.S.S.G. § 4C1.1(a)(6) for personally causing substantial financial hardship and under § 4C1.1(a)(10) for having received an aggravating role adjustment. Mac-Okor did not object to them at his sentencing hearing. The enhancements were not applied retroactively.

Finally, regarding the status of Count 1 of the Indictment, Mac-Okor is mistaken because the docket sheet in PACER reflects that Count 1 was dismissed.

# ARGUMENT

## I. Standard of Review

"This court reviews a district court's denial of a Criminal Rule 36 motion for clear error." *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000).

## II. The district court did not err in denying Mac-Okor's Rule 36 motion.

The district court did not err in denying Mac-Okor's Rule 36 motion for relief. On appeal, Mac-Okor first argues that by "inserting the phrase 'not less than 10%' into the written judgment, the written order substantively altered the spoken sentence." ECF No. 4, Appellant Br., p. 2. Mac-Okor additionally argues that the district court abused its discretion when it applied "a 4-level 'leader' enhancement post-conviction to block relief," and that the court erred by refusing to correct the electronic docket which unlawfully lists a dismissed count as pending. *Id.* at pp. 2-3. None of these arguments has merit.

### A. Mac-Okor's challenge to the restitution provision fails: Rule 36 offers no remedy, the claimed harm is unsupported by the record, and the written judgment accurately reflects the court's intent.

Mac-Okor argues that the written judgment differs from the sentence that the court pronounced at sentencing, in that the court inserted the phrase "no less than 10%" into the written judgment. ECF No. 4, Appellant Br., p. 2. According to Mac-Okor, this "unauthorized alteration allowed the Bureau of Prisons to unlawfully

assess a flat $60 monthly fee," which "consumes 100% of [his] limited inmate funds." *Id.* But Rule 36 did not authorize the court to correct the judgment, and, for more, it is unclear whether Mac-Okor has suffered any harm from the alleged error.

1. Rule 36 did not authorize the court to correct the restitution amount in the judgment.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This Court has held that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (citation and internal quotation marks omitted).

Rule 36 did not authorize the court to correct the judgment because there was no oversight or omission in the judgment. The judgment was "self-sufficient," *id.* at 657, in that it clearly stated that Mac-Okor "shall pay restitution in regular monthly installments of not less than 10% of gross monthly income," RE-212, Judgment, PageID 874. This term was not an oversight. The district court used the same language in the judgment sheets of all three of Mac-Okor's codefendants when describing their restitution obligations: "not less than 10% of gross monthly income." *See* RE-115, Judgment (E. Egbowawa); RE-185, Judgment (K. Ozegbe); RE-218, Judgment (P. Edah). The district court's intent is clear that 10 percent is a

floor, not a ceiling for restitution, and the court confirmed that intent in its order denying Mac-Okor's Rule 36 motion, *see* RE-286, Order, PageID 1419.

To the extent that the written judgment conflicted with the oral pronunciation of the sentence "Rule 36 'is not a vehicle . . . for the correction of errors made by the court itself." *Robinson*, 368 F.3d at 656 (citing *Coleman*, 2000 WL 1182460, at *2). Mac-Okor now seeks a "substantive amendment of his sentence," and Rule 36 "does not provide an avenue for this relief. *Coleman*, 2000 WL 1182460, at *2.

Notably, Mac-Okor did not raise this error on direct appeal or in a post-conviction motion. He appealed and filed an *Anders* Brief in this case on January 22, 2025, acknowledging there were no non-frivolous appealable issues. *Mac-Okor v. United States*, Case No. 24-6066, ECF No. 12, Anders Br. He did not propose as potential arguments any of the issues raised in the motion that is now the subject of the instant appeal. *Id.* To the extent that Mac-Okor seeks to challenge the execution of the restitution portion of his sentence, his only avenue is to file a motion under 28 U.S.C. § 2241. *See Coleman*, 2000 WL 1182460, at *2.

2. The BOP payment program appears to be voluntary and adjustable, therefore, it is unclear whether Mac-Okor has suffered any harm by the assessment of $60.

It is unclear under the record in this case whether Mac-Okor has suffered any harm from any alleged error in the judgment. Although Mac-Okor does not expressly state the purpose of the $60 assessments against him, by tying them to his judgment's

restitution order, Mac-Okor implies that the $60 assessment is going towards restitution. ECF No. 4, Appellant Br., p. 2. And he also implies that 100% of his inmate funds are going towards the restitution payment. *Id.* In that case, it appears that Mac-Okor is taking umbrage with the Bureau of Prison's Inmate Financial Responsibility Program (the "Program"). *See generally* Bureau of Prisons, https://www.bop.gov/policy/progstat/5380_008.pdf (last visited Sept. 28, 2026).

Several aspects of the Program statement appear inconsistent with Mac-Okor's claims that the "fixed assessment frequently consumes 100% of [his] limited inmate funds, stripping him of basic hygiene products and telephone contact with family." ECF No. 4, Appellant Br., p. 2. First, under a description of the "purpose and scope" of the Program, it states that "[t]he Bureau of Prisons *encourages* each sentenced inmate to meet his or her legitimate financial obligations." Bureau of Prisons, https://www.bop.gov/policy/progstat/5380_008.pdf (last visited Sept. 28, 2026), at p. 1 (emphasis added). Likewise, in paragraph 8 describing procedures, it states, "[s]taff will *encourage* inmates to satisfy their legitimate financial obligations at the time of commitment or subsequently to earn compensation through UNICOR or other institution work assignments." *Id.* at p. 4 (emphasis added). The section establishing payment methodologies describes a number of procedures that appear to accommodate the income level of the inmate. *Id.* at pp. 7-11.

Mac-Okor's $60 monthly assessment therefore appears to be part of a voluntary program he has entered into and that adjustments can be made to accommodate whatever needs he may have while still making progress towards the over $1,000,000 that he owes fraud victims in this case. It is unclear therefore whether Mac-Okor has suffered any injury from any alleged error in the judgment.

### 3. There was no material discrepancy between the oral pronouncement and the written judgment because the district court's intent is clear.

Even if the Court finds that Mac-Okor has appropriately raised this error in this Rule 36 motion and has suffered harm, the Court should find that there was no discrepancy between the oral and the written judgment.

"If there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls." *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2020). But there are exceptions to the general rule and *Cofield* is one such example. *Id*. There, this Court refused to disrupt a written judgment that included a term of supervised release even though the sentencing court had omitted supervised release from its oral pronouncement. *Id*. The Court pointed out that whatever omission may have occurred was "corrected later the same day when the written judgment and commitment order [was] filed in the district court." *Id*. And the Court emphasized that supervised release was

statutorily required for the offense of conviction, *id.*, which helped clarify the district court's sentencing intent.

In affirming the judgment, the Court in *Cofield* also cited approvingly to *United States v. Jolly*, 129 F.3d 287 (2d Cir. 1997) (abrogated after United States withdrew opposition to appellant's position). *Id*. In *Jolly*, a restitution payment percentage was pronounced at sentencing and consistently reflected in the judgment, but at a later resentencing (after remand on other grounds) the oral pronouncement stated a lower payment percentage while the resentencing judgment was consistent with the original sentencing judgment. *Jolly*, 129 F.3d at 288-89. In affirming the higher percentage in the judgment, the Second Circuit reasoned that "it was not a case where the written judgment [was] the sole indication that the district court *intended* a sentence different from the one announced orally." *Id*. at 290 (emphasis added) (citation omitted). Rather, the Court could determine the intent of the district court by looking at "the original oral sentence, the original written sentence, and the revised written sentence," all of which were consistent on the percentage of restitution to be paid. *Id*.

According to Mac-Okor, the district court's oral pronouncement and written judgment in the case are at odds and as such the judgment should be modified to track the oral pronouncement. The court stated at the sentencing hearing that "[r]estitution should be paid in monthly installments in the amount of ten percent of

the defendant's gross income." RE-250, Sentencing Hr'g Tr., PageID 1196. The judgment entered the same day stated, "[t]he defendant shall pay restitution in regular monthly installments of not less than 10% of gross monthly income." RE-212, Judgment, PageID 874. The dispute, then, comes down to the words "not less than." The court's omission of those three words from its oral pronouncement cannot be interpreted as an alternative theory of restitution because, like in *Jolly*, the omission here is not isolated from other clear datapoints in the case. The Court's intent is clear, and the judgment accurately reflects it. One need only compare the written judgments of all four codefendants in the case, including that of Mac-Okor, all of which contain the same "not less than 10%" language. *See* RE-115, Judgment (E. Egbowawa); RE-185, Judgment (K. Ozegbe); RE-218, Judgment (P. Edah). The district court was clear: 10 percent is a floor, not a ceiling for restitution. Based on the full record of sentencing documents, the oversight of three words was immaterial. "Allowing [Mac-Okor] to profit from this kind of [omission] would itself be a serious error." *Cofield*, 233 F.3d at 407.

### B. The court did not "retroactively amend the sentencing record" when it denied Mac-Okor relief under U.S.S.G. § 4C1.1.

Mac-Okor mistakenly understood that because he had zero criminal history points, he was entitled to the zero-point offender reduction under U.S.S.G. § 4C1.1. RE-284, Mot., PageID 1407. He claimed there that the court made an error by failing to "incorporate the 2-level [z]ero-[p]oint reduction." *Id.* The district court denied this

claim and explained in its order that Mac-Okor could not receive the zero-point reduction because at his sentencing he received enhancements under § 4C1.1(a)(6) for personally causing substantial financial hardship and under § 4C1.1(a)(10) for having received an aggravating role adjustment. RE-286, Order, PageID 1420.

On appeal, Mac-Okor argues the district court "attempted to apply a 4-level 'leader' enhancement post-conviction to block relief." ECF No. 4, Appellant Br., p. 2. According to him, the court cannot use a "post-judgment order to invent retroactive adjustments that strip a defendant of a Zero-Point Offender reduction (§ 4C1.1) when those findings were completely absent from the oral pronouncement." *Id.* But the court did not apply the leadership enhancement retroactively nor strip Mac-Okor the zero-offender reduction. The PSR applied a four-level enhancement under U.S.S.G. § 3B1.1(a) for Mac-Okor's leadership role in the offense. RE-201, PSR, ¶ 65. Mac-Okor did not object to the enhancement in his position paper. RE-190, Position re. PSR, PageID 712-13. At sentencing, he stated that he had reviewed the PSR with his attorney, and that the only objection he had pertained to the loss amount. RE-250, Sentencing Hr'g Tr., PageID 1176-80. The court adopted the calculations in the PSR, and the agreed-upon loss amount as reflected in the addendum to the PSR. *Id.* at PageID 1180-81. The four-level leadership enhancement was therefore applied at sentencing, and not retroactively as Mac-Okor maintains.

Lastly, Mac-Okor was not eligible for the zero-point offender adjustment. Because Mac-Okor was found to be a leader of a criminal activity that involved five or more participants, he was disqualified from receiving a reduction as a zero-point offender under § 4C1.1(a)(10). In addition, because he and his co-defendants defrauded over 30 victims, he was precluded from receiving same reduction under§ 4C1.1(a)(6). The district court did not err when it denied Mac-Okor's instant argument raised in his Rule 36 motion.

### C. The judgment and electronic docket reflect that Count 1 was dismissed by the court.

Mac-Okor continues to claim that a "public docket sheet" shows Count 1 as "pending." ECF No. 4, Appellant Br., p. 3. As the district court noted in its order, the judgment sheet reflected that Count 1 was in fact dismissed. RE-286, Order, PageID 1420; RE-212, Judgment, PageID 867. And, at the time of this writing, the docket sheet in PACER reflects that Count 1 was dismissed.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's denial of Mac-Okor's Rule 36 motion.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney
Western District of Tennessee

*/s/ Scott P. Smith*
SCOTT P. SMITH (TN 033551)
Assistant United States Attorney
167 N. Main Street, Ste. 800
Memphis, Tennessee 38103
901-544-4231
scott.smith@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation provided in Rule 32(a)(7)(C)(i) of the Federal Rules of Appellate Procedure. The brief contains 3,557 words of Times New Roman (14-point) proportional type, from the Statement of Jurisdiction through the Conclusion. Microsoft Word 2016 is the word-processing software that I used to prepare this brief.

*/s/ Scott P. Smith*
Assistant United States Attorney

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Appellee, pursuant to Sixth Circuit Rules 28(c) and 30(b), hereby designates the following filings in the district court's record as entries that are relevant to this appeal:

| DESIGNATION OF ENTRY | DATE | RECORD ENTRY # | PAGE ID |
|---|---|---|---|
| 2:23-cr-20123 (W.D. Tenn.) | | | |
| Indictment | 06/29/2023 | 4 | 24-43 |
| E. Egbowawa's Judgment | 04/17/2024 | 115 | 372-78 |
| Plea Agreement | 07/29/2024 | 160 | 575-78 |
| K. Ozegbe's Judgment | 09/23/2024 | 185 | 661-68 |
| Defendant's Position Paper | 09/30/2024 | 190 | 712-14 |
| Presentence Investigation Report | 10/23/2024 | 201 | 740-50 |
| Judgment | 10/30/2024 | 212 | 867-74 |
| P. Edah's Judgment | 10/30/2024 | 218 | 910-17 |
| Notice of Appeal | 11/25/2024 | 227 | 933 |
| Sentencing Hearing Transcript | 01/16/2025 | 250 | 1173-204 |
| Motion to Correct Clerical Error | 06/04/2026 | 284 | 1405-08 |
| Order Denying Rule 36 Motion | 07/09/2026 | 286 | 1419-21 |
| Notice of Appeal | 07/27/2026 | 287 | 1422 |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Brief for Plaintiff-Appellee United States was mailed via USPS to pro se defendant Mac-Okor:

Ighocha Mac-Okor
USM #67131-510
Oakdale II, FCI
P.O. Box 5010
Oakdale, LA 71463

and by filing with the Court's CM/ECF system this date: September 30, 2026.

*/s/ Scott P. Smith*
Assistant United States Attorney